Spiields, J.
This was an action brought by the defendant in error, plaintiff below, to recover of the plaintiff in error, defendant below, the value of certain furs and clothing, securely -packed in a trunk, and delivered by the defendant in error to the plaintiff in error at Wooster, Ohio, on September 22, 1913, to be shipped to Dresden, Germany, via .Philadelphia and North German Lloyd’s lines, as per bill of lading issued and delivered to the defendant in error by the plaintiff in error of said date, and for which the defendant in error paid to the plaintiff in error the sum of $1.13 as carriage hire. She alleges that said trunk was broken open and said furs were taken out or stolen therefrom in transit, prior to said trunk reaching Dresden, Germany. She further says that she duly per *198 formed all the conditions of the contract on her ' part, but that the said company did not safely carry and deliver said furs as it agreed and bound itself to do, but negligently failed to do so, whereby said furs were wholly lost to the plaintiff, to her damage in the sum of $1,985.
Said company interposed three defenses; first, it admits that a crated trunk was delivered to it at ■Wooster, Ohio, on the day named, consigned to-■the plaintiff at Dresden, Germany, as in said petition stated, p.nd that it agreed to transport said trunk over its own lines which terminate at Pittsburgh, Pennsylvania, and with respect to which trunk it agreed to act only as .agent with respect to the portion of the route beyond its own lines, and it denies generally the other allegations of the plaintiff’s petition; second, that the plaintiff knowingly and wilfully billed and classified the contents of said trunk as linen, and neglected and refused to disclose to the defendant the true contents of said trunk, whereby the plaintiff obtained transportation for said trunk at less than the regular rates then established by said company, and thereby deprived the defendant of the right to be compensated in proportion to the value of said goods and the consequent risk assumed, in violation of the interstate commerce laws of the United States; third, that the terms and conditions of the contract for the carriage of said trunk are contained in the second section of said bill of lading, which is as follows:
“Section 2. In issuing this bill of lading this company agrees to transport only over its own line, and except as otherwise provided by law acts *199 only as agent with respect to the portion of the route beyond its own line.
“No carrier shall be liable for loss, damage, or injury not occurring on its own road or its portion of the through route, nor after said property has been delivered to the next carrier, except as such liability is or may be imposed by law, but nothing contained in this bill of lading shall be deemed to exempt the initial carrier from any such liability so imposed.”
To the foregoing answer a general denial was filed by the plaintiff. The plaintiff recovered a verdict and judgment against said company for $1,602.06.
Several errors alleged to have occurred on the trial were argued as grounds for the reversal of said judgment, but the main ground relied upon and argued was that the court below erred in charging the jury that said company having received and undertaken to transport said trunk, as stated, the burden of proof was upon it to prove by a preponderance of the evidence that the loss of said trunk did not occur on its lines to relieve it from liability for such loss, and that it exercised due care. Also that said court erred in charging the jury as to the liability of the .initial shipping company.
There appears to be little or no controversy between the parties hereto as to the facts in this case, the uncontradicted evidence showing that the defendant in error was at the time of their shipment the owner of said furs; that they were placed in a trunk and locked; that they were then in good condition; that said trunk was at the time stated *200 delivered to the plaintiff in error, The Pennsylvania Company, at the city of Wooster, Ohio, for shipment to Dresden, Germany; that the charges thereon were duly paid; that a bill of lading was issued therefor by the agent of said company at said city of Wooster and delivered to the defendant in error; and that when said trunk was opened at Dresden said furs were missing and found to have been taken out of or stolen from said trunk in transit between the said cities of Wooster, Ohio, and Dresden, Germany. But where said furs were taken out of or stolen from said trunk is not disclosed in the evidence, although it does appear that the weight of said trunk at the city of Baltimore, Maryland, was some thirty-seven pounds less than it was when shipped from the said city of Wooster. Passing this, but keeping in mind that said trunk was delivered to the plaintiff in error for shipment to the place of destination mentioned, under the conditions already described, and that said furs were found missing at the place named, what duty, if any, at the time of the trial of said case, devolved upon the plaintiff in. error to show the degree of care exercised by it over said trunk on its lines of railroad, in view of the allegations contained in said „ petition and which the evidence at least tended to prove? Granting that a common carrier has the right by contract to limit its liability in the transportation of goods for hire over different routes,, does this fact relieve the initial shipping company from the obligation of showing that the loss, if any, did not occur on the line of said company? The plaintiff in error contends that the loss, if any, is presumed to have occurred *201 while the last or delivering shipper had the custody of said furs, and that no presumption arises that the loss occurred over the lines of the plaintiff in error.
The contract for the shipping of said goods having been made with the plaintiff in error, and the loss having occurred between the time of their shipment and delivery to their destination, notwithstanding the exception made in said bill of lading, we are of the' opinion that the trial court did not err in charging the jury that the burden of proof was upon the plaintiff in error to show that said loss did not occur upon its lines of railroad. The fact that said furs were lost or stolen somewhere along the lines of the different carriers transporting them is presumptive evidence of negligence, and to relieve the plaintiff in error from such presumption we think it was its duty not only to show that the loss did not occur on its lines, but also to show that proper care was exercised to prevent it, and the trial court in so instructing the jury, in our judgment, did not err. This view appears to be supported by decisions in several Ohio reported cases, among which are N. W. Graham & Co. v. W. H. Davis & Co., 4 Ohio St., 362; Union Express Co. v. Graham, 26 Ohio St., 595, and Pennsylvania Co. v. Yoder, 25 C. C., 32.
Other cases in other jurisdictions might be cited sustaining the same doctrine. It follows that the judgment of the court of common pleas will be affirmed.

Judgment affirmed.

Powell and Houck, JJ., concur.